FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SMOKE CITY FOR LESS LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SMOKE CITY GLASS & VAPE, INC., a Washington corporation; SMOKE CITY WALLA WALLA LLC, a Washington limited liability company; SMOKE CITY SPOKANE LLC, a Washington limited liability company; SMOKE CITY CHENEY LLC, a Washington limited liability company; BASMA LLC, a Washington limited liability company; SMOKE CITY GLASS AND VAPE BELLINGHAM LLC, a Washington limited liability company; and SMOKE CITY FAIR AVE LLC, a Washington limited liability company,<br><br>Defendants. | No. 4:24-CV-05077-MKD<br><br>ORDER GRANTING MOTION TO CONSOLIDATE<br><br>ECF No. 22 |

Before the Court is Defendants' Oral Motion to Join in Motion to Consolidate filed in Case No. 4:24-CV-05076-MKD. ECF No. 22. On October 2,

ORDER - 1

2024, the Court held a hearing on the motion. ECF No. 21. Mark Miller appeared for Plaintiff. Joshua Harms appeared for Defendants. For the reasons set forth below, the Court grants the motion.

## BACKGROUND

The cases at hand, *Sharks LLC*, 4:24-CV-05076-MKD ("*Sharks*") and *Smoke City for Less LLC v. Smoke City Glass & Vape*, 4:24-CV-05077-MKD ("*SCGV*"), were both initiated on July 3, 2024. *Sharks*, ECF No. 1; *SCGV*, ECF No. 1. The allegations in both cases surround the same issue – use of the designation "SMOKE CITY GLASS & VAPE" at various store locations. *Sharks*, ECF No. 1 at 6 ¶ 17; *SCGV*, ECF No. 1 at 9 ¶ 27. In *Sharks*, the timeframe for challenged use of the designation spans from 2015 to 2024. *Sharks*, ECF No. 1 at 3-5. In *SCGV*, the timeframe for challenged use of the designation spans from 2021 to 2024. *SCGV*, ECF No. 1 at 5-8.

On August 21, 2015, Plaintiff sent a cease-and-desist letter to Defendant Sharks LLC asserting that Defendant's name, "Smoke City," was the same name utilized by Plaintiff and demanding Defendant cease and desist from using it by September 4, 2015. *Sharks*, ECF No. 10-1 at 3. Defendant replied to this letter on September 4, 2015, asserting Defendant's registered name "Smoke City Glass and Vape" is not the same or substantially similar to Plaintiff's trade name. *Id.* at 2.

On July 3, 2024, Plaintiff initiated action against Defendant Sharks LLC, as

ORDER - 2

well as Defendant Smoke City Glass & Vape.  *Sharks*, ECF No. 1; *SCGV*, ECF No. 1.  A Motion to Consolidate Cases ("the Motion") was filed by Defendant Sharks on August 29, 2024.  *Sharks*, ECF No. 9.  Simultaneously, Defendant filed a declaration by Mohammud Alsarama ("Mr. Alsarama") in support of the Motion.  *Sharks*, ECF No. 10.  Plaintiff's memorandum in opposition to the motion at issue was filed on September 12, 2024.  *Sharks*, ECF No. 13.  Defendant's reply in support of the motion was filed on September 19, 2024.  *Sharks*, ECF No. 14.  On the same date, Defendant also filed a supplemental declaration of Mr. Alsarama.  *Sharks*, ECF No. 15.

## LEGAL STANDARD

A Motion to Consolidate is governed by Federal Rule of Civil Procedure 42(a), which states in relevant part:

> If actions before the court involve a *common question of law or fact*, the court may:
>     (1) join for hearing or trial any or all matters at issue in the actions;
>     (2) consolidate the actions; or
>     (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a) (emphasis added).  "A district court generally has 'broad' discretion to consolidation actions . . . ." *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (citations omitted).  In determining whether consolidation is permissible, "courts generally look to such factors as 'judicial economy, whether consolidation would expedite resolution of the case, whether

ORDER - 3

separate cases may yield inconsistent results, and the potential prejudice to [any opposing party].'" *Franzetti v. Pac. Mkt. Int'l LLC*, No. 24-CV-191, 2024 WL 1832470, at *2 (W.D. Wash. Apr. 26, 2024) (quoting *Amazon.com, Inc. v. AutoSpeedstore*, No. C22-1183, 2022 WL 11212033, at *1 (W.D. Wash. Oct. 19, 2022)) (alteration in original).

## DISCUSSION

### A. Common Parties

Defendant first argues that consolidation is appropriate because the parties are common in both cases. *Sharks*, ECF No. 9 at 7-8. Defendant Sharks LLC asserts that Defendants in both cases are "all part of the same family-owned business enterprise." *Id.* at 8. Plaintiff counters that Defendant has not provided any proof to support "these bare assertions." *Sharks*, ECF No. 13 at 5. Plaintiff argues:

> None of the names of the family members have been provided, nor has any evidence been provided linking any particular family member to any particular defendant entity, much less whether there is any common or controlling interest among the entities. No documents were provided to establish any ownership interests or any relationships or agreements among the entities.

*Id.* Instead, Plaintiff points to corporate filings and the fact that Mr. Alsarama is only listed as a "governor" in three of the eight entities to emphasize the difference between the entities. *Id.* at 5-6; *see also Sharks*, ECF Nos. 13-1 to 13-20. While

ORDER - 4

1  Plaintiff asserts Defendant has not submitted any support for the proposition that
2  the defending parties in *Sharks* and *SCGV* are part of the same family-owned
3  business enterprise, Defendant has submitted two declarations from Mr. Alsarama
4  explaining that the SCGV entities are owned by some combination of himself, his
5  cousins, and family friends.  *See Sharks*, ECF No. 10 at 2-3 ¶¶ 4-5; *Sharks*, ECF
6  No. 15 at 2 ¶¶ 2-3.  "[A] declaration is evidence," and Plaintiff has not submitted
7  any evidence that contradicts Mr. Alsarama's declarations.  *Evans v. Gen. Motors,*
8  *LLC*, No. 23-CV-6961, 2023 WL 11197083, at *2 (C.D. Cal. Nov. 1, 2023).
9  Rather, the records submitted by Plaintiff show that Mr. Alsarama's cousins –
10 Khalil, Sanad, and Hamzah Abdelrahman – are governors of Defendant entities in
11 *SCGV*.  *Sharks*, ECF No. 13 at 7-8; *Sharks*, ECF Nos. 13-1 to 13-20; *see also*
12 *Sharks*, ECF No. 15 at 2 ¶ 2.  Discovery will lend clarity as to whether all
13 Defendants are part of a "family-owned business enterprise."
14      Therefore, the common parties weigh in favor of consolidation.
15  **B. Common Questions of Law**
16      Defendant claims "[m]ost if not all questions of law are common between
17 the *Sharks* case and the *SCGV* case."  ECF No. 9 at 9.  Plaintiff does not proffer
18 any questions of law that differ between these two cases apart from Defendant
19 Sharks LLC having different legal defenses available than Defendants in the *SCGV*
20 case.  ECF No. 13 at 8 (referencing the 3-year statute of limitations under RCW

ORDER - 5

1    4.16.080 and laches).  Defendant asserts all Defendants across the two cases have

2    the laches defense available.  ECF No. 14 at 5-7.

3          While certain defenses may not apply to Defendants across both cases, it is

4    clear from Defendant Shark LLC's briefing that the Defendants in both cases

5    intend to pursue the defense of laches.  *Id.* at 7.  Defendant alleges the *SCGV*

6    Defendants are "'successors' to Mr. Alsarama's use of the SCGV Name in 2015 in

7    connection with the Yakima store, and because there is sufficient 'privity' by

8    virtue of the family venture emanating from Mr. Alsarama and the Yakima store."

9    *Id.* at 5-6 (citing *Hawaii Foodservice All., LLC v. Meadow Gold Dairies Hawaii,*

10   *LLC*, CV 21-460, 2024 WL 363268, at *11-12 (D. Haw. Jan. 31, 2024)).  Even if

11   laches only applies to Defendant Sharks LLC, most questions of law and causes of

12   action are common between the *Sharks* case and the *SCGV* case.  *Compare Sharks*,

13   ECF No. 1 at 6-12, *with SCGV*, ECF No. 1 at 9-14.

14         The common questions of law weigh in favor of granting the motion.

15      **C. Common Questions of Fact**

16         Defendant asserts the facts relevant in litigating issues of trademark right

17   ownership are identical in the *Sharks* case and the *SCGV* case.  *Sharks*, ECF No. 9

18   at 8.  Specifically, Defendant states both cases share "central factual inquiries,"

19   including facts surrounding trademark rights, facts surrounding Defendant entities'

20   use of the trademark at issue, and facts relevant to assessing trademark

ORDER - 6

infringement. *Id.* at 7. Plaintiff argues the parties and circumstances are "[u]nique and [d]istinct" between the two cases due to different entities, locations, and timing. *Sharks*, ECF No. 13 at 5-6.

As detailed above, the corporate entities in question are owned by a group of family and friends, which stem from Mr. Alsarma's initial store.

Determining whether infringement occurred will entail assessing the factors laid out in *AMF Incorporated v. Sleekcraft Boats*:

    1. strength of the mark;

    2. proximity of the goods;

    3. similarity of the marks;

    4. evidence of actual confusion;

    5. marketing channels used;

    6. type of goods and the degree of care likely to be exercised by the purchaser;

    7. defendant's intent in selecting the mark; and

    8. likelihood of expansion of the product lines.

599 F.2d 341, 348-49 (9th Cir. 1979), a*brogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003); *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1027 (9th Cir. 2024).[1] The evidence relevant to these

---

[1] These factors may be applied to any claim based on a likelihood of confusion,

ORDER - 7

factors are likely to overlap between Defendant entities.

There is also likely to be overlap between the facts necessary to establish affirmative defenses, notably laches, raised by Defendants in each case.

Given the significant factual similarities between the cases, this factor also weighs in favor of granting the motion.

**D. Weighing Judicial Economy Against Delay or Prejudice**

Defendant asserts consolidation will not prejudice any party, but rather promote efficiency and a just resolution. *Sharks*, ECF No. 9 at 10-11. Plaintiff, on the other hand, argues the benefits of consolidation are outweighed by the potential for prejudice and confusion. *Sharks*, ECF No. 13 at 6-9. Plaintiff focuses on how Defendants are separate entities with different formation and business start dates, in different cities, and with different governors. *Id.* at 6-7. Plaintiff also emphasizes that as an older entity, Defendant Sharks LLC may be entitled to defenses that are not available to the SCGV Defendants and that consolidating the cases would be "confusing to a jury and prejudicial to the Plaintiff[.]" *Id.* at 8.

Defendant, in turn, argues Defendants in both cases could, and intend to, raise the laches defense. *Sharks*, ECF No. 14 at 2. Further, Defendant claims this

---

including infringement, false designation of origin, and unfair competition. *See JL Bev. Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104-06 (9th Cir. 2016).

ORDER - 8

defense would not present confusion or prejudice to a jury as it is an issue for the Court to resolve. *Id.* Instead, Defendant reasons Plaintiff's decision to file two cases is to avoid a presumption of laches in the *SCGV* case. *Id.* at 2-3. Defendant also identifies how Plaintiff will not be prejudiced by consolidation as the *SCGV* case is currently against seven Smoke City Glass and Vape Entities formed at different times in different locations by different combinations of individuals. *Sharks*, ECF No. 9 at 10. A fact that makes Plaintiff's reasons for denying consolidation with other entities ring false.

Consolidation will likely expedite the cases. As Defendant points out, the two cases are at the same point in litigation. *Sharks*, ECF No. 9 at 11. These cases are also young with both Answers just filed on August 30, 2024. *See Sharks*, ECF No. 11; *SCGV*, ECF No. 14.

Plaintiff has not established that consolidation of these cases would increase confusion or prejudice or delay the cases. This lack of delay or prejudice weighs in favor of granting the motion.

**E. Whether Discovery Will Benefit from Consolidation**

Plaintiff additionally asserts discovery will not benefit from consolidation, because "the same discovery will be required from each . . . defendant regardless of whether the cases are consolidated or not." *Sharks*, ECF No. 13 at 9. Therefore, "consolidation will not result in any saving of resources related to discovery[.]" *Id.*

ORDER - 9

However, this argument ignores the fact that some individuals are governors of both *Sharks* and *SCGV* defendants and would be required to undergo separate discovery in two different cases if the matters are not consolidated. Additionally, the parties have retained the same firms/attorneys for both matters. And, as noted above, there is likely to be significant overlap in discovery between the two cases based on the legal and factual similarities.

Consolidating these matters would streamline discovery, which has not yet begun.

### F. Argument for Limited Consolidation

Plaintiff acknowledges that the trademarks at issue are the same in both cases and that some of the factors applicable to the issue of infringement are common to all Defendants. *Sharks*, ECF No. 13 at 10. Therefore, Plaintiff asks that if consolidation were to be granted, that it be limited solely to analyzing six (out of eight) trademark infringement factors from *Sleekcraft* – (1) strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) types of goods and the degree of care likely to be exercised from the purchaser. *Id.* However, "such consolidation should not be for any discovery matters, not for any affirmative defenses, nor for trial[.]" *Id.*

Defendant asserts that this request is "perplexing" and that it is "unclear

ORDER - 10

what efficiency might be gained by limiting consolidation in this opaque manner." *Sharks*, ECF No. 14 at 10.

Plaintiff does not explain why only six of the eight *Sleekcraft* factors should be analyzed together. Consolidation for the sole purposes of analyzing only a portion of factors does not make sense nor would it increase judicial economy. *See Horos v. Locol, LLC*, No. CV 14-8065, 2015 WL 12656946, at *9 (C.D. Cal. Feb. 11, 2015) ("[T]he Court must consider the factors taken together, and in context."). The request for limited consolidation is unconvincing and Plaintiff's request is denied.

## CONCLUSION

Defendants have established sufficient cause for consolidation of the entire cases. For the reasons explained above, the Court grants Defendants' Oral Motion to Join in Motion to Consolidate, ECF No. 22.

**IT IS ORDERED:**

1. The Oral Motion to Join in Motion to Consolidate, **ECF No. 22**, is **GRANTED** with leave for Plaintiff to seek bifurcation for trial purposes if discovery and/or the results of any motion practice generate some unforeseen prejudice.

2. The District Court Executive shall **CONSOLIDATE** Case No. 4:24-CV-05077-MKD **INTO** Case No. 4:24-CV-05076-MKD.

ORDER - 11

3. The District court Executive shall **CLOSE** Case No. 4:24-CV-05077-MKD.

4. The parties **shall** submit all further filings in Case No. 4:24-CV-05076-MKD.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to the parties.

DATED October 15, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 12